UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Justin Goldman,**
Plaintiff,
v.

**Novig Betting, Inc.,**
Defendant.

Civil Action No. _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Justin Goldman, proceeding pro se, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq., arising from Defendant's unauthorized and continuing public display of Plaintiff's copyrighted photograph through a social media account operated, controlled, and used by Defendant in connection with its commercial betting and prediction-market business.
2. Defendant adopted, maintained, curated, and commercially exploited an account that publicly rendered and displayed Plaintiff's copyrighted photograph to the public without authorization.
3. Defendant's ongoing operation and use of that account while the Photograph remained publicly rendered constitutes direct infringement and, alternatively, contributory and vicarious infringement.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).
5. Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(a).

**PARTIES**

6. Plaintiff Justin Goldman is a professional photographer and the sole author and owner of the copyrighted photograph at issue.
7. Defendant Novig Betting, Inc. ("Novig") is a prediction-markets and sports betting company conducting business nationwide and marketing its services through social media and online platforms.

**FACTS**

**Ownership of the Copyright**

8. Plaintiff created an original photograph depicting Tom Brady in the Hamptons (the "Photograph").
9. The Photograph is registered with the United States Copyright Office, Registration No. **VA0001250526**.
10. Plaintiff owns all exclusive rights under 17 U.S.C. §106, including the exclusive rights to display and reproduce the Photograph publicly.

**Defendant's Commercial Use of Social Media**

11. Novig promotes and markets its betting and prediction-market services through social media accounts used to attract customers, investors, and brand awareness.
12. Novig adopted, operated, maintained, and controlled a social media account that became associated with and used in connection with Novig's business activities.
13. Novig exercised editorial control over the content of that account and had the ability to remove or disable any content displayed on it.
14. Novig derived commercial benefit from the account through marketing exposure, user acquisition, and brand promotion.

**Unauthorized Public Display**

15. The account publicly rendered and displayed a post containing Plaintiff's Photograph.
16. The Photograph appeared inline and visibly rendered to users without requiring any click-through.
17. The Photograph was therefore publicly displayed to each user who viewed the post.
18. The Photograph remained live, rendered, and publicly accessible while Novig operated and controlled the account.
19. Novig had the right and ability to remove the infringing content but chose not to.
20. Each day the Photograph remained rendered and publicly viewable constituted an additional unauthorized public display.

**Continuing and Volitional Conduct**

21. Novig's liability arises from its **continued operation, control, and commercial exploitation of the account while the Photograph remained publicly rendered**, not merely from the historical date on which the original post first appeared.
22. By adopting and using the account as part of its business operations, Novig ratified and continued the infringing display.
23. Novig's decision to maintain the content and allow it to remain publicly visible constitutes volitional conduct sufficient for direct infringement.

**Governing Law**

24. Courts in this District have held that embedding or causing an image to render visibly on a webpage or feed constitutes a "public display" under the Copyright Act.
25. In **Goldman v. Breitbart News Network**, the court held:

"Defendants violated Plaintiff's exclusive display right when they caused the image to appear on their websites… embedding the image constituted a public display under the Copyright Act."

26. Novig's conduct falls squarely within this rule because it caused Plaintiff's Photograph to render and remain publicly visible through its controlled account.

**CLAIM FOR RELIEF**

**Copyright Infringement (17 U.S.C. §501)**

27. Plaintiff repeats and realleges the foregoing.
28. Novig publicly displayed Plaintiff's copyrighted Photograph without authorization.
29. Novig's continued operation, maintenance, and commercial use of the account while the Photograph remained rendered constitutes direct infringement.
30. Alternatively, Novig is vicariously liable because it had the right and ability to supervise the infringing display and received a financial benefit from it.
31. Alternatively, Novig is contributorily liable because it knowingly enabled and continued the display.
32. Novig's infringement was willful.

**DAMAGES**

33. Plaintiff is entitled to statutory damages of up to $150,000 for willful infringement pursuant to 17 U.S.C. §504(c).
34. Plaintiff is entitled to costs and attorneys' fees pursuant to 17 U.S.C. §505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

A. Statutory damages;
B. Attorneys' fees and costs;
C. Injunctive relief prohibiting further infringement;
D. Such other relief as the Court deems just and proper.

**Dated:** February 3rd, 2026
Justin Goldman
Pro Se Plaintiff